IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DARRELL JOHNSON AND
A. JAN THOMAS, JR., BANKRUPTCY TRUSTEE
IN THE MATTER OF DARRELL W. JOHNSON
AND JANET K. JOHNSON, DEBTORS                                              PLAINTIFFS

VS.                                  1:06CV00017-WRW

ROCKWELL AUTOMATION, INC.;
CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC.
D/B/A KEATHLEY-PATTERSON ELECTRIC;
AND JOHN DOES 1-5                                                          DEFENDANTS

## ORDER

Pending before the Court are several discovery matters raised by counsel for Plaintiffs and counsel for Defendants. These discovery matters were the subject of a hearing conducted by telephone on November 21, 2007. At that hearing, the Court made the following rulings:

1. Discovery responses of Separate Defendant Consolidated Electrical Distributors, Inc. (CED).

CED has now provided answers to Plaintiffs' interrogatories and requests for production of documents. Remaining to be produced are: any applicable liability insurance policies of CED; and CED's contract for the purchase of the Keathley-Patterson entity operating at its Searcy, Arkansas, location. CED will supplement and produce these documents. Counsel for CED is to advise the Court concerning the production of these documents in a status report due on January 3, 2008.

2. Plaintiffs' Request for Production No. 29 – production of safety audits.

Separate Defendant Rockwell Automation, Inc. (Rockwell), has produced certain safety audits. Plaintiffs are requesting safety audit reports for the period 1971 through 2003. Rockwell

is to determine whether any such safety audit reports exist for this time period. Counsel for Rockwell will report on this to the Court in a status report due January 3, 2008.

3. Plaintiffs' Request for Production No. 30 – documents concerning changes to design concerning the product in question.

Counsel for Rockwell advised the Court that it has produced voluminous documents concerning design modifications. Plaintiffs are requesting additional documents such as "project requests," engineering memoranda, or other narrative explanations explaining the reasons for design changes. Rockwell is to search its records to determine whether any such documents exist and counsel for Rockwell will advise the Court concerning Rockwell's efforts in this regard in a status report due January 3, 2008. The Court may consider requiring an affidavit by a corporate executive of Rockwell if Rockwell claims that such documents no longer exist or cannot be located.

4. Plaintiffs' Request for Production No. 31 – production of documents explaining failure mode and effect analyses (FMEAs) on the product in question.

Counsel for Rockwell advised the Court that such documents cannot be located for the initial design of the product in question and historical design modifications. Rockwell is to continue to search for such documents and counsel for Rockwell will advise the Court of those efforts in a status report due January 3, 2008. The Court may consider requiring an affidavit from a Rockwell corporate executive concerning Rockwell's efforts in this regard.

5. Plaintiffs' Request for Production No. 32 – production of past versions of Bulletin 2100.

The attorneys agreed that these documents have now all been produced.

6. Plaintiffs' Request for Production No. 33 – production of photos of different generations of the door for the "bucket" on low voltage motor control centers.

Counsel for Rockwell advised that such photos could not be located and was uncertain of their existence. Rockwell is to continue to search to determine if any photos of the door exist. If so, they should be produced. Counsel for Rockwell will advise the Court of these efforts in a status report due January 3, 2008.

7. Plaintiffs' Interrogatory No. 26 and Request for Production No. 36 – disclosure of applicable standards.

Rockwell objected to this interrogatory as beyond the number permitted under Fed. R. Civ. Pro. 33(a). Over Rockwell's objection, the Court will permit this additional interrogatory. This is also the subject of Plaintiffs' Request for Production No. 36 in which Plaintiffs request the production of past versions of applicable standards if Rockwell intends to rely on compliance with those standards at trial. If Rockwell intends to rely on compliance with these standards as set forth in Interrogatory No. 26 and requested in Request for Production No. 36, then it should produce those standards.

8. Plaintiffs' Interrogatory No. 27 and Request for Production No. 37 – production of standards regarding "phase barriers."

Rockwell objected to Interrogatory No. 27 as beyond the number permitted by Fed. R. Civ. Pro. 33(a). Over Rockwell's objection, the Court will permit this additional interrogatory. This interrogatory is related to Request for Production No. 37. The Court's ruling is consistent with its ruling on Interrogatory No. 26 and Request for Production No. 36. If Rockwell intends to rely on compliance with any applicable standard at trial, then it should produce the standard.

9. Plaintiffs' Interrogatory No. 25 and Request for Production No. 35 – information and documents regarding original design door latch.

This interrogatory and the corresponding request for production of document seek information and documents regarding the original design of the product. Plaintiffs inquire

whether the door latched onto the "defeater lever" in the original design. Rockwell's counsel advised the Court that a deposition of Chet Malkowski, an engineer for Rockwell, is scheduled for November 29, 2007, and this issue may be addressed by Mr. Malkowski. Counsel for Rockwell is to report further on this issue to the Court in a status report due January 3, 2008.

10. Plaintiffs' Request for Production No. 38 – specification guide.

Plaintiffs' counsel stated that Rockwell's website contains specifications, which he termed "specification guide," for the years 2005 – 2007. Plaintiffs request a similar "specification guide" for the years 1971 – 2004. Counsel for Rockwell advised that a search will be made for any such documents. Counsel for Rockwell is to inform the Court of the status of this search in a status report on January 3, 2008.

11. Defendants' Request for Production No. 7 – documents obtained or gathered by Plaintiffs, their attorneys, or investigators concerning any product manufactured or sold by Rockwell.

Plaintiffs object to the production of these documents on the grounds of work product. Defendants' counsel contends that work product is not applicable. This request is to be addressed in letter briefs to the Court, not to exceed three pages, due on January 3, 2008.

IT IS SO ORDERED this 3rd day of December, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

Prepared by:
David M. Donovan (81184)
Counsel for Defendants
Watts, Donovan & Tilley, P.A.
200 S. Commerce St., Ste. 200
Little Rock, AR  72201-1769
(501) 372-1406