**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

DARRELL JOHNSON AND                                        PLAINTIFFS
A. JAN THOMAS, JR., BANKRUPTCY TRUSTEE
IN THE MATTER OF DARRELL W. JOHNSON
AND JANET K. JOHNSON, DEBTORS

VS.                          CASE NO. 1:06CV00017JLH

ROCKWELL AUTOMATION, INC.;
CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC.
D/B/A KEATHLEY-PATTERSON ELECTRIC;
AND JOHN DOES 1-5                                          DEFENDANTS

**ORDER ON JOINT MOTION FOR CERTIFICATION**
**OF QUESTIONS OF LAW TO THE ARKANSAS SUPREME COURT**

1.      In accordance with Rule 6-8(b) of the Rules of the Supreme Court and Court of

Appeals of the State of Arkansas, the parties jointly moved this Court to certify questions of law

to the Arkansas Supreme Court.  This Court hereby grants the motion.

2.      In accordance with Rule 6-8(c)(1)(A), the parties submitted to this Court, and this

Court now certifies to the Arkansas Supreme Court, the following questions of law to be

answered:

(a)      Under the facts of this case, whether the provisions of Act 649 of 2003, including

but not limited to those codified at Ark. Code Ann. § 16-55-202, that allow a fact finder to

consider or assess the negligence or fault of nonparties, violate the Arkansas Constitution, when

considered along with the modification of "joint and several" liability in the same act, as

codified at Ark. Code Ann. § 16-55-201.

(b)      Under the facts of this case, whether the provisions of Act 649 of 2003, including

but not limited to those codified at Ark. Code Ann. § 16-55-212(b), that addresses evidence of

damages for the costs of necessary medical care, treatment, or services, violate the Arkansas

Constitution.

3.      In accordance with Rule 6-8(a)(1), the parties agreed, and this Court hereby finds, that the above questions of law may be determinative of this cause and that it appears there is no controlling precedent in the decisions of the Arkansas Supreme Court.

4.      In accordance with Rule 6-8(c)(1)(C), the parties acknowledged, and this Court hereby acknowledges, that the Arkansas Supreme Court, acting as the receiving court, may reformulate the questions of law submitted by this Court.

5.      In accordance with Rule 6-8(c)(1)(B), the parties submitted to this Court, and this Court now submits to the Arkansas Supreme Court, the below facts relevant to the questions of law, showing fully the nature of the controversy out of which the questions of law arose:

(a)      On February 24, 2004, Darrell Johnson was injured while working as a control systems mechanic for his employer, Eastman Chemical Company, at its plant in or near Batesville, Arkansas.

(b)      At the time of the incident, Johnson was working on a product referred to by Johnson and his co-workers as an Allen-Bradley "starter bucket."

(c)      The starter bucket was designed, manufactured, and supplied by the Defendants, but the Defendants contend that it was modified by Johnson's employer, Eastman Chemical Company, without the Defendants' knowledge, after it was supplied to Eastman Chemical Company.

(d)      The Plaintiffs allege, and the Defendants deny, that a safety interlock on the starter bucket was designed, manufactured, and supplied in a defective condition which rendered it unreasonably dangerous and which was an actual and proximate cause of the incident and Johnson's injuries.  More specifically, the Plaintiffs allege, and the Defendants deny, that the

2

safety interlock should have prevented the starter bucket from becoming electrically powered at the time in question, but instead allowed the starter bucket to become electrically powered, which was an actual and proximate cause of the incident and Johnson's injuries.

(e)     The Plaintiffs further allege, and the Defendants deny, that the starter bucket was designed, manufactured, and supplied in a defective condition which rendered it unreasonably dangerous, in that it was not equipped with protective phase barriers between its fuses to prevent electrical arcing, which was also an actual and proximate cause of the incident and Johnson's injuries.

(f)     The Plaintiffs allege, and the Defendants deny, that the Defendants are strictly liable for Johnson's damages based on the defective and unreasonably dangerous condition of the starter bucket; that the Defendants are further liable for negligently designing, manufacturing, and supplying the starter bucket in its above described condition; and that the Defendants are further liable for negligently failing to warn Johnson and his employer concerning the risks inherent in the design.

(g)     Rockwell Automation, Inc. ("Rockwell") pled in its Answer that the fault of all parties should be apportioned in accordance with the Civil Justice Reform Act of 2003 (Act 649 of 2003), Ark. Code Ann. § 16-55-201, et seq. *See* Docket No. 38, para. 17 (Rockwell's Ans. to 3d Amend. Compl.).  Rockwell further pled "all defenses" available to it under the Act, including "restriction of liability to its percentage share of actual liability" and "the right to name nonparties at fault." *Id.,* para. 18.  The Plaintiffs contend that the above-mentioned provisions of the Act, which modify "joint and several" liability and allow a fact finder to assess percentages of fault against nonparties, violate the Arkansas Constitution under the facts of this case.

(h)     Rockwell filed a "Notice of Nonparty Fault," pursuant to the Civil Justice Reform

3

Act of 2003 (Act 649 of 2003), Ark. Code Ann. § 16-55-202, designating Johnson's employer, Eastman Chemical Company, as a nonparty at fault. *See* Docket No. 13 (Rockwell's Notice of Nonparty Fault). Rockwell alleged that Eastman Chemical Company is at fault because of:

- improper training of the Plaintiff (*i.e.*, Johnson);

- improper modification of the motor control center (*i.e.*, the center of which the starter bucket was a part);

- failure to install a starter bucket unit in the motor control center which was compatible with it;

- failure to have proper lock-out/tag-out procedures in place and communicated to the Plaintiff;

- failure to follow manufacturer's directions and instructions concerning proper use of the product at issue in this litigation;

- failure to punch out on the handle of the starter bucket unit at issue in this litigation, so as to permit proper lock-out/tag-out mechanisms to be used; and

- such other breaches of the standard of care or deviations from applicable industry standards as the evidence shows.

The Plaintiffs contend, as mentioned above, that the nonparty fault provisions of the Act violate the Arkansas Constitution under the facts of this case.

(i)     Johnson received medical care, treatment, or services which the Plaintiffs allege were necessary due to the incident and injuries described herein. Johnson's employee medical plan paid costs for the medical care, treatment, or services. The amount of costs paid by the plan was less than the full amount of the costs incurred for the medical care, treatment, or services. The Plaintiffs seek to present evidence at trial of the full amount of the costs of necessary

4

medical care, treatment, or services received by Johnson, even though that amount is greater than the amount of costs actually paid by or on behalf of Johnson or which remain unpaid and for which Johnson or any third party is legally responsible.  The Defendants seek to enforce the terms of Act 649 of 2003, Ark. Code Ann. § 16-55-212(b), such that Plaintiffs may introduce as evidence only those costs actually paid by or on behalf of Johnson or which remain unpaid and for which Johnson or any third party is legally responsible.  The Plaintiffs contend that such an interpretation and application of Act 649 of 2003, Ark. Code Ann. § 16-55-212(b), is a limitation on damages and a violation of the Arkansas Constitution under the facts of this case.

The attorneys of record in the case pending before this Court are as follows:

Attorneys for the plaintiffs:

| | |
|---|---|
| J. Bruce McMath | Neil R. Chamberlin |
| McMath Woods, P.A. | McMath Woods, P.A. |
| 711 West Third Street | 711 West Third Street |
| Little Rock, AR  72201 | Little Rock, AR  72201 |
| (501) 396-5403 | (501) 396-5411 |

Attorneys for the defendant, Rockwell Automation, Inc.:

Richard N. Watts
David M. Donovan
Thomas J. Diaz
Watts, Donovan & Tilley, P.A.
200 S. Commerce Street, Suite 200
Little Rock, AR  72201
(501) 372-1406

Attorneys for defendant, Consolidated Electrical Distributors, Inc.,
d/b/a Keathley-Patterson Electric:

David M. Donovan
Thomas J. Diaz
Watts, Donovan & Tilley, P.A.
200 S. Commerce Street, Suite 200
Little Rock, AR  72201
(501) 372-1406

The parties' joint motion to certify questions of law to the Arkansas Supreme Court is granted, and the questions of law stated herein are certified to the Arkansas Supreme Court.

IT IS SO ORDERED this 21st day of August, 2008.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE