IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DARRELL JOHNSON and A. JAN THOMAS, JR.,                                            PLAINTIFFS
Bankruptcy Trustee in the Matter of Darrell
W. Johnson and Janet K. Johnson, Debtors

v.                                         No. 1:06CV00017 JLH

ROCKWELL AUTOMATION, INC.;
CONSOLIDATED ELECTRICAL DISTRIBUTORS,
INC. d/b/a KEATHLEY-PATTERSON ELECTRIC;
and JOHN DOES 1-5                                                                  DEFENDANTS

**OPINION AND ORDER**

This products liability case is scheduled for a jury trial beginning June 22, 2009. The parties have filed several motions *in limine*, all of which the Court will address in this opinion.

**1.      Defendants' Motion *in Limine* to Exclude Evidence of Another Accident**

The first motion *in limine* is the motion to exclude evidence of another accident. The plaintiffs have identified a witness named Fred Summers who sued Rockwell in a previous case. The defendants contend that the incident involving Summers is not substantially similar to the incident involving Johnson, so evidence regarding the Summers incident should be excluded. The defendants also argue that allowing Summers to testify would confuse and mislead the jury and would result in a waste of time, so his testimony should be excluded pursuant to Rule 403 of the Federal Rules of Evidence.

The information provided to the Court established that the Summers incident was not substantially similar to the Johnson incident. Johnson has testified that he inadvertently moved the disconnect lever and defeated the safety interlock system while removing fuses from the starter bucket in question. Summers did not inadvertently move the disconnect lever. According to his

complaint, the disconnect switch was in the off position, but the switch was broken, which allowed an electrical circuit to be connected while the disconnect lever was in the off position. Therefore, evidence of the Summers incident is not admissible to show that Rockwell had notice of the defect about which Johnson complains.

The plaintiffs argue that the testimony that Summers intends to offer is admissible for other reasons. First, they note that Rockwell has contended that the starter bucket in question has not been the subject of other accidents, but the Summers incident is not recorded on Rockwell's technical support database, which Rockwell says contains reports of personal injuries caused by its products. Summers says that he called his Rockwell representative several times to report the hazard, as well as his accident. The plaintiffs also argue that the testimony that Summers would give is admissible to show that the bucket at issue is a "well-known hand scrape hazard," even though Rockwell denies it. Thirdly, the plaintiffs argue that the testimony from Summers is admissible because a person pulling the "C" fuse on the bucket typically must pull the top of the fuse and then reach below the defeater lever to pull the bottom of the fuse, rather than removing the fuse in one motion by pulling on its center.

If Rockwell claims at trial that, according to its technical support database, the starter bucket at issue has not had a history of prior accidents, plaintiffs will be permitted to call Summers as a witness to show that he attempted to report an accident that is not recorded in the Rockwell database. As to the other two argued bases for admitting his testimony, the Court expects that there will be ample testimony, apart from the testimony of Summers, regarding the hazard of scraping knuckles when removing fuses from the starter bucket and the necessity for disconnecting the top of the fuse and then reaching below the defeater lever to pull the bottom of the fuse. All of that can be

demonstrated to the jury by use of the starter buckets that were shown to the Court at the *Daubert* hearing. The Court expects, therefore, that the testimony by Summers will be repetitive with respect to other testimony that the jury will hear. Whether that means the testimony that Summers would offer should be excluded as cumulative or admitted as harmless cannot be determined until the Court has heard other evidence that will be presented at trial.

Defendants' motion *in limine* to exclude evidence of another accident is therefore GRANTED IN PART and DENIED IN PART. Document #188.

**2.    Defendants' Motion *in Limine* to Exclude Lay Opinion Testimony, Incident Investigation Reports, and Incident Recreation**

The next motion is defendants' motion *in limine* to exclude lay opinion testimony, incident investigation reports, and incident recreation. Document #190. There are two specific items of evidence identified clearly enough for the Court to be able to rule *in limine* as to whether those items of evidence are admissible. First, sometime after the accident, Johnson demonstrated to other employees how he believed that the accident occurred. Secondly, a committee was formed by Johnson's employer, and that committee issued a report.

Johnson will be permitted to demonstrate to the jury how he contends the accident occurred, using an exemplar such as the exemplars shown to the Court at the suppression hearing. The fact that he has previously demonstrated to others how the accident occurred has no tendency to make the existence of any fact that has consequence to the determination of the action more probable or less probable than it would be without the evidence, so the fact that he has made those previous demonstrations is not relevant evidence as defined by Rule 401 of the Federal Rules of Evidence. Johnson's demonstrations as to how he says the accident occurred are not scientific tests of the sort

one might perform in a laboratory; they are simply his demonstrations and nothing more. As such, they are merely prior statements made by Johnson. Johnson's prior demonstrations are hearsay and excluded under Rule 801(c).

The incident investigation report consists of a description of how the accident happened and includes pictures of the starter bucket and the vice grips with the fuse that Johnson was pulling at the time of the incident. The Court has already ruled that the plaintiffs' expert will not be allowed to give an opinion that the accident occurred as Johnson says, because that testimony is not helpful to the jury. For the same reason, the description of how the accident occurred in the incident report prepared by Johnson's employer will not be admitted. The report is based on Johnson's statements after the incident, not on any independent knowledge as to how the accident occurred. The report is not admissible as a business record because it was made with the knowledge that the incident could result in litigation. *See Scheerer v. Hardee's Food Systems, Inc.*, 92 F.3d 702, 706-07 (8th Cir. 1996) and cases cited therein. However, the photographs taken of the starter bucket and the vice grip with the fuse appear to be admissible.

In addition to seeking to exclude testimony about Johnson's demonstrations as to how the accident occurred in the incident, defendants also seek to exclude lay opinion testimony. However, the motion *in limine* does not identify any specific statements by lay witnesses that should be excluded. As the defendants concede, Johnson's co-workers may testify as to their personal observations and experiences. The Court cannot rule *in limine* on the admissibility of evidence without knowing what the evidence is. The defendants' request to exclude lay opinion testimony is not sufficiently specific to enable the Court to rule *in limine*, so that portion of the motion is denied.

Defendants' motion *in limine* to exclude lay opinion testimony, incident investigations reports, and incident recreation is GRANTED IN PART and DENIED IN PART. Document #190.

3. **Defendants' Motion *in Limine* to Exclude Hearsay Statements, Lay Opinion Testimony, Evidence of Knuckle Scraping and Rockwell's Post-Accident Investigation**

Next, defendants have moved *in limine* to exclude hearsay statements, lay opinion testimony, evidence of knuckle scraping, and Rockwell's post-accident investigation. Evidence that knuckle scraping was a routine occurrence in trying to remove fuses from this and similar starter buckets is relevant and admissible. Evidence that, before this particular starter bucket was sold, persons complained to representatives of Rockwell about the design of the starter bucket is relevant to show notice. It is not necessary that the witnesses be able to name the representative of Rockwell to whom complaints were made, but they will need to be able to testify under oath that the person to whom they complained was a representative of Rockwell.

The defendants also seek to exclude evidence of complaints made after the starter bucket was sold. The plaintiffs have responded that Rockwell should have retrofitted the starter bucket so as to correct the defect. The defendants argue that the plaintiffs have not pled such a theory, that they have only pled theories of negligence and strict liability in the design, manufacture, and sale of the product. In reviewing the third amended complaint, the Court agrees. Therefore, evidence of complaints after the sale of the product are not admissible to prove notice.

The defendants also seek to exclude testimony that Rockwell's investigation after the accident was inadequate. Whether Rockwell investigated the accident adequately is irrelevant to the issue of whether the product was designed in a defective manner and was unreasonably dangerous, and it is also irrelevant to the issue of whether Rockwell was negligent in the design and sale of the

product. Therefore, unless something during the case makes that testimony relevant on another issue, it will be excluded.

Defendants' motion *in limine* to exclude hearsay statements, lay opinion testimony, evidence of knuckle scraping, and Rockwell's post-accident investigation is therefore GRANTED IN PART and DENIED IN PART. Document #192.

**4.     Plaintiffs' Motion *in Limine* on UL 845**

The next motion is plaintiffs' motion *in limine* to prevent Rockwell from presenting evidence that the starter bucket complied with UL Standard For Safety For Motor Control Centers, UL845, because UL has not produced the version of UL 845 that was in effect at the time that the starter bucket was manufactured in 1986. The Court previously ordered that Rockwell must produce any safety standards on which it intends to rely. Rockwell has been unable to obtain a copy of the version of UL 845 that was in existence in 1986 but has produced a version of UL 845 that was adopted in 1995. Because Rockwell has not produced the version of UL 845 that was in effect in 1986, it will not be permitted to introduce evidence that the product in question complied with the standards stated in that document. If there are other standards on which Rockwell intends to rely, and if Rockwell has produced those standards as ordered to do so by the Court, the Court will need to hear the testimony regarding those standards and how they apply before ruling as to whether testimony about them is admissible.

Plaintiffs' motion *in limine* on UL 845 is GRANTED IN PART and DENIED IN PART. Document #201.

5.     **Plaintiffs' Motion *in Limine* to Exclude Testimony on "Fake Bad Scale"**

The next motion is plaintiffs' motion *in limine* to exclude testimony on the "Fake Bad Scale" because that scale has not been tested and validated in electrical shock cases like this one. The plaintiffs say that they do not attack the Fake Bad Scale generally but only argue that it is invalid and unreliable in this case because it has never been tested and validated for electrical injury patients. Experts from both sides have testified that the Fake Bad Scale has never been tested and validated for electrical injury patients. However, the experts also testified that its reliability has been validated for patients who claim psychological injuries such as post-traumatic stress syndrome. Here, Johnson claims to have suffered psychological injuries, including post-traumatic stress syndrome. Therefore, the results of the test can be introduced, and the experts can be questioned about the extent to which those results are applicable or inapplicable with respect to Johnson.

Plaintiffs' motion *in limine* to exclude testimony on "Fake Bad Scale" is DENIED. Document #181.

6.     **Plaintiffs' Motion *in Limine* on Bankruptcy Proceeding**

The next motion is plaintiffs' motion *in limine* to exclude evidence or mention that Johnson has been a debtor in a bankruptcy proceeding or that a bankruptcy trustee is a co-plaintiff in this case. The fact that Johnson has filed for protection under the Bankruptcy Code is not relevant in this case. However, the defendants say that he failed to list this action as an asset in his bankruptcy schedules, and they intend to ask him about that failure as an issue of credibility. Assuming it is true that Johnson failed to list this claim as an asset on his bankruptcy schedules, that would be an appropriate question for cross-examination of him, which means that the fact of the bankruptcy will be made known to the jury.

Plaintiffs' motion *in limine* on the bankruptcy proceedings is DENIED. Document #203. If the plaintiff wishes that the Court give a limiting instruction, the Court will do so. The parties should confer about an appropriate limiting instruction and see if they can agree to the language.

**7.      Plaintiffs' Motion *in Limine* on Workers' Compensation**

The next motion is plaintiffs' motion *in limine* asking that the Court not allow the defendants to present evidence or mention to the jury that Johnson did not file a workers' compensation claim following the incident. The defendants argue that they will contend at trial that Johnson was not seriously injured in the incident, and Johnson's failure to pursue a workers' compensation claim is relevant to support that defense. Plaintiffs say that Johnson continued working or attempting to work for a year after the accident and then placed him on short-term disability. Johnson collected disability benefits from his employer's disability insurer until he opted for early retirement fourteen months after the accident. Johnson also applied for Social Security disability benefits and was found to qualify by an administrative law judge after an appeal from an adverse decision by the state agency. In his opinion, the administrative law judge states that Johnson's work activity after the date of the accident did not rise to the level of substantial gainful activity. The defendants have moved *in limine* to exclude evidence of the Social Security disability decision.

Although the fact that Johnson did not apply for workers' compensation benefits arguably may be relevant to the defense that he was not seriously injured, the relevance is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury, inasmuch as Johnson then would be in a position of explaining that he has applied for and been awarded disability benefits by a private insurer and by the Social Security Administration. For the jury to evaluate that testimony properly, the jury would need to be informed as to the provisions of

the insurance policy and the regulations governing Social Security disability cases. To present evidence that Johnson has received disability benefits could create confusion as to the weight that the jury should give to the determinations by the insurer and the administrative law judge, as well as application of the collateral source rule. Therefore, evidence as to whether Johnson applied for workers' compensation is excluded pursuant to Rule 403 of the Federal Rules of Evidence.

Plaintiffs' motion *in limine* on workers' compensation is GRANTED. Document #205.

**8.     Defendants' Motion *in Limine* to Exclude Social Security Administration/ Disability Decision**

As mentioned, the defendants have moved *in limine* to exclude from evidence the opinion issued by the administrative law judge of the Social Security Administration. That motion is granted. For the reasons stated above, any probative value that the decision of the administrative law judge may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.

Defendants' motion *in limine* to exclude Social Security Administration/disability decision is GRANTED. Document #197.

IT IS SO ORDERED this 17th day of June, 2009.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE